RECORD NO. 15-2130

IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

SELECTIVE WAY INSURANCE COMPANY,

*Plaintiff - Appellant,*

v.

ROSEANNE BROWNING APPLE; EARL EUGENE HOAR;
BUILDING INDUSTRIES, INC.;
PROGRESSIVE GULF INSURANCE COMPANY,

*Defendants - Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

**OPENING BRIEF OF APPELLANT
SELECTIVE WAY INSURANCE COMPANY**

Melissa W. Robinson
Johneal M. White
Glenn Robinson & Cathey
400 Salem Avenue, Suite 100
Roanoke, VA 24016
(540) 767-2200

*Counsel for Appellant
Selective Way Insurance Co.*

<u>Corporate Disclosure Statement</u>

Pursuant to Fed. R. App. P.  Rule 26.1 and Local Rule 26.1, Selective Insurance Company makes the following Corporate Disclosure Statement.

1. Is party or amicus a publicly held corporation or other publicly held entity? No.

2. Does party/amicus have any parent corporations? Yes. Selective Insurance Group, Inc.

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? No

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? No

5. Is party a trade association? No

6. Does this case arise out of a bankruptcy proceeding? No

TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT .........................................................i

TABLE OF AUTHORITIES .................................................................................iv

JURISDICTIONAL STATEMENT .........................................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW .....................................2

STATEMENT OF THE CASE.................................................................................2

       Trial Evidence..................................................................................................4

SUMMARY OF ARGUMENT ...............................................................................6

ARGUMENT ...........................................................................................................7

    I.      The District Court erred in finding that the terms of Va. Code §38.2-2204(A) apply to a commercial policy to create coverage for Mrs. Apple in this matter ..................................................................7

         A.     Standard of Review.................................................................7

         B.     In the Context of a Commercial Policy Issued To a Corporation, the Clear Terms of Va. Code §38.2-2204(A) Preclude a Mere "Custodian" of a Vehicle, as opposed to its Owners, from Creating Implied Permission under the Statute to Extend Liability Coverage to the User ......................8

    II.     The District Court erred in finding that Under Virginia Common Law a Non-Owner of a Vehicle has Sufficient Status to Grant Implied Permission for Use of a Vehicle to the Vehicle's Actual Owner ....................................................................11

         A.     Standard of Review...............................................................11

         B.     Under Virginia Common Law a Non-Owner of a Vehicle cannot grant Implied Permission for Use of a Vehicle to the Vehicle's Actual Owner......................................................12

III.    The District Court erred in finding that an "insurable interest" entitles an entity to possession and control of a vehicle ....................18

      A.    Standard of Review .................................................................18

      B.    Virginia is a strict title state, the ability to possess and control a vehicle flows directly from the title...........................19

CONCLUSION ........................................................................................21

ORAL ARGUMENT STATEMENT .......................................................22

CERTIFICATE OF COMPLIANCE.......................................................22

CERTIFICATE OF FILING AND SERVICE .........................................23

TABLE OF AUTHORITIES

CASES

<u>Page</u>

*Allstate v. Atlantic Casualty Company*,
    260 Va. 148 (2000) .......................................................................14, 15, 17, 18

*Bartolomucci v. Federal Insurance Co.*,
    770 S.E.2d 451 (2015) ...................................................................16, 17

*Glassman Construction Co. v. United States*,
    421 F.2d 212 (4th Cir. 1970) .................................................7, 11, 19

*Green v. Bluff Creek Oil Co.*,
    287 F.2d 66 (5th Cir. 1961) ...................................................7, 11, 19

*GuideOne Mutual Insurance Company v. Murray*,
    81 Va. Cir. 157 (Va. Beach Cir. 2010) ...........................................16

*House v. Kirby*,
    233 Va. 197 (1987) ...........................................................................16

*Liverpool & London & Globe Insurance Co. v. Bolling*,
    176 Va. 182, 10 S.E.2d 518 (1940) ..................................................20

*Loewenhagen v. Integrity Mutual Insurance Co.*,
    164 Wis. 2d 82, 473 N.W.2d 574 (Ct. App. 1991).........................17

*Mamiye Brothers v. Barber S.S. Lines*,
    360 F.2d 774 (2d Cir. 1966) cert. denied 385 U.S. 835, 87 S. Ct. 80, 17
    L. Ed. 2d 70 (1966)...............................................................7, 11, 19

*Nationwide Mutual Insurance Co. v. Cole*,
    203 Va. 337 (1962) ...........................................................................12

*Nolan v. Sullivan*,
    372 F.2d 776 (3rd Cir. 1967) ................................................7, 11, 19

*Pham v. Hartford Fire Insurance Company*,
419 F.3d 286 (4th Cir. 2005) ...........................................................6, 12, 13, 14

*Plomb Tool Co. v. Sanger*,
193 F.2d 260 (9th Cir. 1952) cert. denied 343 U.S. 919, 72 S. Ct. 677,
96 L. Ed. 1333 (1952) ...........................................................................7, 11, 19

*Republic Pictures Corp. v. Rogers*,
213 F.2d 662 (9th Cir. 1954) cert. denied 348 U.S. 858, 75 S. Ct. 83,
99 L. Ed. 676 (1954) rehearing denied 348 U.S. 890, 75 S. Ct. 206, 99
L. Ed. 699 (1954) .................................................................................7, 11, 19

*Selected Risk Insurance Co. v. Aetna Casualty & Surety Co.*,
6 Va. Cir. 500 (1974) .......................................................................................16

*Spray-Bilt v. Ingersoll-Rand World Trade, Ltd.*,
350 F.2d 99 (5th Cir. 1965) ...........................................................7, 11, 19

*Stone v. Liberty Mutual Insurance Company*,
253 Va. 12 (1996) .........................................................................9, 10, 12

*Travelers Indemnity Co. v. Nationwide Mutual Insurance Co.*,
227 F. Supp. 958 (W.D. Va. 1964) ...........................................................13, 20

*United Artists Television, Inc. v. Fortnightly Corp.*,
377 F.2d 872 (2d Cir. 1967), reversed on other grounds, 392 U.S. 390,
88 S. Ct. 2084, 20 L. Ed. 2d 1176 (1968) ............................................7, 11, 19

*Va. Auto Mut. Ins. Co. v. Brillhart*,
187 Va. 336, 46 S.E.2d 377 (1948) ...............................................................21

*Wicker v. National Surety Corp.*,
330 F.2d 1009 (4th Cir. Va. 1964) ...............................................................13

## STATUTES AND CODES

28 U.S.C. § 1291 ...........................................................................................1
28 U.S.C. § 1332 ...........................................................................................1
28 U.S.C. § 2201 .......................................................................................2, 3

Va. Code § 38.2-2204 ................................................................3, 18

Va. Code § 38.2-2204(A)...............................................2, 6, 7, 8, 9, 17, 21

## RULES

Fed. R. App. P. 26.1 ...............................................................................1

Fed. R. Civ. P. 52 ...............................................................................1, 2

Fed. R. Civ. P. 52(a).....................................................................7, 11, 18

Fed. R. Civ. P. 52(c)..............................................................................1

## **Jurisdictional Statement**

Selective Way Insurance Company appeals the denial of its (1) Rule 52(c) Motion; and (2) the District Court's findings pursuant to Rule 52.

Subject matter jurisdiction was proper in the District Court pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Selective and each Defendant and the amount in controversy exceeds $75,000. (JA 14-19). Selective Way Insurance Company ("Selective") is a New Jersey corporation with its principal place of business in Branchville, New Jersey. (JA 14-19)

Defendant Roseanne Browning Apple ("Apple") is a citizen of the Commonwealth of Virginia, and currently resides in Bumpass, Virginia, located in the County of Louisa. (JA 14-19). Defendant Earl Eugene Hoar ("Hoar") is a citizen of the Commonwealth of Virginia, and currently resides in Williamsburg, Virginia. (JA 14-19). Defendant Building Industries, Inc. ("Building Industries") is a Virginia corporation with its principal place of business in Louisa County, Virginia. (JA 14-19). Defendant Apple currently is seeking liability coverage from Selective for a claim brought against her by Defendant Hoar for injuries he sustained in an accident, including medical bills exceeding $75,000. (JA 14-19).

The Fourth Circuit Court of Appeals has jurisdiction in this matter pursuant to 28 U.S.C. § 1291.

A notice of appeal was filed on September 22, 2015 in this matter from the District Court's final order and memorandum pursuant to Rule 52 of September 8, 2015. (JA 1779).

## Statement of Issues presented for Review

This case presents three questions:

1. Whether the District Court erred in finding that the terms of Va. Code §38.2-2204(A) apply to a commercial policy to create coverage in this matter.

2. Whether the District Court erred in finding that under Virginia Common Law a non-owner of a vehicle has sufficient status to grant implied permission for use of a vehicle to the vehicle's actual owner.

3. Whether the District Court erred in finding that an "insurable interest" entitles an entity to possession and control of a vehicle.

## Statement of the Case

Selective Way Insurance Company brought this Complaint for declaratory judgment in accordance with 28 U.S.C. §2201. (JA 14-19). Earl Hoar made a claim against Selective in connection with personal injuries he received in an accident which occurred on May 18, 2012 when his motorcycle was struck by a vehicle driven by Roseanne Apple. (JA 14-19). The vehicle was titled to Roseanne and Clevius Apple personally.  (JA  25). On the day of the accident, Mrs. Apple was on a personal errand, driving her husband home from the hospital. (JA 1096).

2

Prior to the accident described above, Selective issued a Commercial General Liability to a Virginia corporation owned by Mrs. Apple's husband and her son John Apple - Building Industries, Inc. (JA 1088). The Building Industries Policy provided liability insurance coverage for all sums an "insured" legally must pay as damages because of bodily injury to which the insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto." (JA 1088-1089). The action was brought in accordance with 28 U.S.C. §2201 for a determination of Selective's obligations, if any, to defend Mrs. Apple in connection with a civil lawsuit anticipated to be filed by Defendant Hoar. (JA 1087).

The District Court decided on summary judgment that Selective was not estopped from denying coverage to Mrs. Apple, (JA 1091-1093) and also that she was not on the "personal business" of the corporation but rather her own business. (JA 1093-1095). Additionally, after a bench trial of this matter the District Court decided that the contract should not be reformed, (JA 1575) however, ultimately decided that although the plain language of the policy did not provide coverage to Mrs. Apple, the Virginia Omnibus Clause (Va. Code 38.2-2204) acted to create coverage for Mrs. Apple in this situation because she was using her own vehicle with the permission of Building Industries (a non-owner). Selective appeals from

3

the District Court's decision that the Virginia Omnibus Clause acts to create coverage for Mrs. Apple in this matter. (JA 1575-1577).

<u>Trial Evidence</u>

The undisputed and unequivocal evidence at trial eliminated Defendant Building Industries and Roseanne Apple's theory that she was using the vehicle she owned through permission from Building Industries at the time of the accident. With regard to the critical issue of whether Roseanne Apple was driving her own Lincoln Towncar with permission of Building Industries, through some sort of theory that she needed permission from Building Industries or even her husband, to so act, Mr. Apple ("Apple"), the co-owner of Building Industries, was clear and quite emphatic in testifying that she did not:

> **Q.** **The day of this accident – the day of this accident, Mrs. Apple drove you home from the hospital. She didn't need to ask your permission to drive you home, did she?**
>
> **A.** **No.**

(JA 1170-1171).

In explaining the titling of the vehicle, Apple further conceded that he has always known the vehicle was titled in he and his wife's name. (JA 1167) ("I knew that from day one. My wife and I are the owners, according to Virginia titling."). Not only did he never tell her that there were any limits on her use of the vehicle, but he didn't think that there were any limitations on how she used that

4

car.  (JA 1143).  He explained that "[w]hat's hers is mine and mine is hers." (JA 1143).

John Apple, a co-owner of Building Industries and the son of Roseanne Apple and Clevius Apple, echoed the testimony of his father:

> **Q.  And your mom didn't need anyone's permission to drive the Lincoln?**
>
> **A.  No.**

(JA 1209).

In further explaining his use of his brother's occasional use of the Lincoln, John Apple acknowledged that, by virtue of their familial relationship, all Apple vehicles were available to any Apple family member for their use.  (JA 1208).

Finally, Roseanne Apple herself conclusively established through her own testimony that her use of the Towncar on the date of the accident was not by virtue of permission from the business or anyone else:

> **Q.  Mrs. Apple, you didn't need anyone's permission to drive your own vehicle?**
>
> **A.  No.**

(JA 1199).

## Summary of Argument

*Pham v. Hartford Fire Ins. Company*, 419 F3d 286, 291 (4th Cir. 2005) is controlling in this matter. This Court has already decided the issues presented in this case of whether the owner/driver of a vehicle drives her own vehicle by permission of a non-owner. This Court answered in the negative; the answer should be the same in this case. Multiple other state and federal courts have answered the same and no court has ever answered oppositely. Appellees to date have been unable to ever provide a citation to even one case that decided the issue in the affirmative. The District Court erred in finding that Va. Code § 38.2-2204 (A) even applies to the commercial policy in this matter, as the plain language of the second sentence of the statute pertaining to permissive use of a vehicle through a custodian is applicable only to policies that have as the named insureds an individual or husband and wife. Finally, the District Court erred in conflating an "insurable interest" with the interests of possession and control which are the hallmark of ownership which only attach to the titled owners in Virginia. For all of these reasons the District Court should be reversed and Judgement entered for Selective.

## Argument

## I. The District Court erred in finding that the terms of Va. Code §38.2-2204(A) apply to a commercial policy to create coverage for Mrs. Apple in this matter.

### A. Standard of Review

The federal appellate courts exercise independent judgment on issues of law, being bound by the "clearly erroneous" standard of Rule 52(a) only in reviewing questions of fact. *Glassman Constr. Co. v. United States*, 421 F.2d 212, 214 (4th Cir. 1970). *See also*, See, e.g., *United Artists Television, Inc. v. Fortnightly Corp.*, 377 F.2d 872 (2d Cir. 1967), reversed on other grounds, 392 U.S. 390, 88 S. Ct. 2084, 20 L. Ed. 2d 1176 (1968); *Nolan v. Sullivan*, 372 F.2d 776 (3rd Cir. 1967); M*amiye Bros. v. Barber S.S. Lines*, 360 F.2d 774 (2d Cir. 1966) cert. denied 385 U.S. 835, 87 S. Ct. 80, 17 L. Ed. 2d 70 (1966); *Spray-Bilt v. Ingersoll-Rand World Trade, Ltd*., 350 F.2d 99 (5th Cir. 1965); *Green v. Bluff Creek Oil Co*., 287 F.2d 66 (5th Cir. 1961); *Republic Pictures Corp. v. Rogers,* 213 F.2d 662 (9th Cir. 1954) cert. denied 348 U.S. 858, 75 S. Ct. 83, 99 L. Ed. 676 (1954) rehearing denied 348 U.S. 890, 75 S. Ct. 206, 99 L. Ed. 699 (1954); *Plomb Tool Co. v. Sanger*, 193 F.2d 260 (9th Cir. 1952) cert. denied 343 U.S. 919, 72 S. Ct. 677, 96 L. Ed. 1333 (1952).

**B. In the Context of a Commercial Policy Issued To a Corporation, the Clear Terms of Va. Code §38.2-2204(A) Preclude a Mere "Custodian" of a Vehicle, as opposed to its Owners, from Creating Implied Permission under the Statute to Extend Liability Coverage to the User.**

The District Court found that the plain language of the policy in this case does not extend coverage to Mrs. Apple for this accident. (JA 1570), and instead created coverage for her by misapplying the Omnibus Clause finding Mrs. Apple had permission from a non-owner to use her own vehicle for a personal errand. Permission everyone agreed she did not need. The Virginia Omnibus Clause is contained in Va. Code § 38.2-2204 (A). It reads in part:

> Each such policy or contract of liability insurance, or endorsement to the policy or contract, insuring private passenger automobiles, aircraft, or private pleasure watercraft principally garaged, docked, or used in this Commonwealth, **that has as the named insured an individual or husband and wife** and that includes, with respect to any liability insurance provided by the policy, contract or endorsement for use of a **nonowned automobile**, aircraft or private pleasure watercraft, any provision requiring permission or consent of the owner of such automobile, aircraft, or private pleasure watercraft for the insurance to apply, **shall be construed to include permission or consent of the custodian in the provision requiring permission or consent of the owner.**

The second sentence of §38.2-2204(A) establishes the only circumstance when a "custodian" may extend permission for use of a vehicle such that the user is covered by the vehicle's liability policy. Accordingly, once Building Industries and Mrs. Apple affirmatively conceded in Opening Statement that, at most, Building Industries was a mere custodian, the District Court should have granted

8

Selecitve's motion for Judgment based upon the opening statements made immediately following the admission. (JA 1125-1126).

The Virginia Supreme Court in *Stone v. Liberty Mutual Insurance Company*, 253 Va. 12 (1996), noted the very wording of the second sentence of §38.2-2204(A) mandates permission flow from the owner of a vehicle and not a custodian except, as contemplated by the General Assembly and the statute, when the liability insurance in question has as the named insured an individual or husband and wife. *Id.* at 19.  *Stone*, supra dealt with the exact issue as we have in this case of whether a named insured, who was a business, gave its employee implied permission to use the employees own vehicle while doing his employers business, thus qualifying him for underinsured motorist coverage (versus liability coverage in this case). In its analysis the Supreme Court of Virginia emphasized the appropriate principles applicable to permissive use under the Omnibus Clause:

> Second, and more importantly, we look to the language providing that the person who uses the motor vehicle must do so "with the expressed or implied consent of the named insured".  Obviously, when the General Assembly employs this language, it is resorting to language relating to the Omnibus Clause found in Code §38.2-2204(A) which deals with liability insurance covering motor vehicles…

> When construing such language, we repeatedly have held that a named insured generally cannot give permission to use a vehicle that the named insured does not own.

*Id*. at 19. Accordingly, the Court in *Stone* rejected the argument that the business-insured impliedly gave permission to the vehicle owner for use of his own car.  In

9

doing so the Court stated "Stone argues that the employer, Tidewater, impliedly gave Stone permission to operate Stone's vehicle when he was using it in the scope of the employer's business. We reject these contentions." *Id*. at 19. Indeed, we only have to change a few words of the sentence to fit this case, having it read instead: Apple argues that the business, Building Industries, impliedly gave her permission to operate Apple's vehicle when she was **not** using it in the scope of the business' affairs. We reject this contention. The contention here should be similarly rejected.

In this case, the singular circumstance of a policy that has as "the named insured an individual or husband and wife husband" does not exist -- the Selective Policy was issued to Building Industries, a corporation.  Accordingly, even if Building Industries was a "custodian" of the Towncar at the time of the accident, which the facts clearly do not support, Building Industries' status would be insufficient to convey permission to Roseanne Apple, the vehicle's owner.  To read the statute otherwise would be to render the last sentence superfluous. In this case the District Court erred in implying coverage outside of the singular circumstance allowed in the statute, as such the ruling of District Court should be reversed and Judgment entered for Selective.

## II. The District Court erred in finding that Under Virginia Common Law a Non-Owner of a Vehicle has Sufficient Status to Grant Implied Permission for Use of a Vehicle to the Vehicle's Actual Owner.

A. Standard of Review

The federal appellate courts exercise independent judgment on issues of law, being bound by the "clearly erroneous" standard of Rule 52(a) only in reviewing questions of fact. *Glassman Constr. Co. v. United States*, 421 F.2d 212, 214 (4th Cir. 1970). *See also*, See, e.g., *United Artists Television, Inc. v. Fortnightly Corp.*, 377 F.2d 872 (2d Cir. 1967), reversed on other grounds, 392 U.S. 390, 88 S. Ct. 2084, 20 L. Ed. 2d 1176 (1968); *Nolan v. Sullivan*, 372 F.2d 776 (3rd Cir. 1967); M*amiye Bros. v. Barber S.S. Lines*, 360 F.2d 774 (2d Cir. 1966) cert. denied 385 U.S. 835, 87 S. Ct. 80, 17 L. Ed. 2d 70 (1966); *Spray-Bilt v. Ingersoll-Rand World Trade, Ltd*., 350 F.2d 99 (5th Cir. 1965); *Green v. Bluff Creek Oil Co*., 287 F.2d 66 (5th Cir. 1961); *Republic Pictures Corp. v. Rogers,* 213 F.2d 662 (9th Cir. 1954) cert. denied 348 U.S. 858, 75 S. Ct. 83, 99 L. Ed. 676 (1954) rehearing denied 348 U.S. 890, 75 S. Ct. 206, 99 L. Ed. 699 (1954); *Plomb Tool Co. v. Sanger*, 193 F.2d 260 (9th Cir. 1952) cert. denied 343 U.S. 919, 72 S. Ct. 677, 96 L. Ed. 1333 (1952).

B. Under Virginia Common Law a Non-Owner of a Vehicle cannot grant Implied Permission for Use of a Vehicle to the Vehicle's Actual Owner.

The District Court's decision is out of step with well-settled Virginia law that "permission to drive a car, within the meaning of the omnibus coverage clause, connotes the power to grant or withhold it. Therefore, in order for one's use and operation of an automobile to be within the meaning of the omnibus coverage clause requiring the permission of the named insured, the latter must, as a general rule, own the insured vehicle or have such an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission." *Nationwide Mut. Ins. Co. v. Cole*, 203 Va. 337, 341 (1962) (interpreting a North Carolina policy and Omnibus Clause which contains the same requirements as the Virginia Omnibus Clause).

Multiple state and federal cases clearly contradict the District Court's legal finding that Building Industries, a non-owner, could grant permission to the actual owner, Mrs. Apple to operate her own vehicle. This Court in two prior cases explicitly stated, with respect to the Virginia Omnibus Clause, that a non-owner cannot give permission to drive a vehicle it does not own. *See Pham v. Hartford Fire Ins. Company*, 419 F3d 286, 291 (4th Cir. 2005) holding that "[t]he district court correctly concluded that OSP could not give Guerra permission to drive an auto that it did not own, but was owned by Guerra himself. *See Stone*, 478 S.E. 2d at 886. Therefore, because Guerra was driving an auto that he owned himself,

12

rather than an auto owned by OSP, the Omnibus Statute does not apply." The facts in this case are indistinguishable from *Pham*, and the result should be the same. The District Court attempts to distinguish *Pham* by the only significantly different fact contained in the two cases, that in this matter we are dealing with a closely held corporation, whereas that is not a factor in the *Pham* decision. As discussed below, that is not a valid distinction.

Additionally, in *Wicker v. National Surety Corp*., 330 F.2d 1009, 1013-1014 (4th Cir. 1964) this Court stated with regard to a policy of a car dealership "[s]ince the sale of the vehicle was executed, not executory, [owner's] use of the automobile was not permissive and the omnibus clause of the dealer's liability insurance did not extend the coverage of that insurance to [owner]." The Court in *Wicker* found what is obvious, that a new purchaser does not operate his vehicle by permission of the dealership, though doubtlessly the dealership approved of owners purchase and use, but used the vehicle by his own inherent authority as an owner.

The Western District of Virginia in *Travelers Indem. Co. v. Nationwide Mut. Ins. Co.,* 227 F. Supp. 958, 961-62 (W.D. Va. 1964) concluded the same as the Court in *Wicker*, *supra* holding that "seller had divested himself of all authority and control over the Corvair in the course of his transaction with buyer, and that seller was impotent to either grant anyone permission to use the car in the first place or to prevent [buyer] from operating it by withdrawing his 'permission'.

Therefore, I must conclude that Powell was not at the time of the accident operating the Corvair with permission of Crowder within the meaning of Nationwide's liability policy but was instead operating it upon his own authority exclusively, and entirely independently of Crowder's ability to allow or prevent such operation."

Despite the District Court's efforts to distinguish *Pham* due to the fact that Apple's vehicle was listed as a covered auto on the Selective Policy, the Virginia Supreme Court has previously addressed whether a non-owner of a vehicle can have sufficient status to grant permission to the vehicle's owner and has answered this question in the negative, even in the context of close family or social relations. In fact, the Distric Court's recognition of an exception to the general rule that the named insured must own the vehicle to give permission under the Omnibus Clause is contrary to several earlier decisions by the Virginia Supreme Court which repeatedly affirm the principle that, as between the title owner and a user of the vehicle, the power to grant permission runs with title to the vehicle and a non-owner may not, as a matter of law, grant permission for use of the vehicle to the owner of the vehicle.

*Allstate v. Atlantic Casualty Company*, 260 Va. 148 (2000) is dispositive on this issue and, unlike *Pham*, did pertain to a vehicle listed as a covered auto under the policy at issue. In addition, the individual in *Allstate* using the vehicle at the

14

time of the accident was actually paying the premium for insurance coverage, with the consent of his former girlfriend who was the named insured under the policy. The cases arose after the girlfriend had separated from her boyfriend and in the process had left the vehicle and its blank title with him such that he or his father could sell it. *Id*. at 151-52. With her consent, the ex-boyfriend continued paying premiums and using the vehicle, during which time an accident occurred. *Id*. A declaratory judgment action was then brought regarding whether the girlfriend, the named insured under the policy, had given her former boyfriend permission to use the vehicle so as to invoke the policy's liability coverage. In analyzing the issue, the Court focused the inquiry on who was the title owner at the time of the accident, with the insurance company that issued the policy on the vehicle arguing the girlfriend was no longer the owner and the remaining parties arguing that title had not effectively been transferred, with the girlfriend's actions demonstrating her desire that her former boyfriend use the vehicle until its ultimate sale.

In *Allstate*, despite the intentions of the named insured and her former boyfriend, the Supreme Court of Virginia concluded the girlfriend was no longer the owner when she left the vehicle and its title with her former boyfriend and, thus, he could not be characterized as a permissive user of the vehicle at the time of the accident but was instead the actual owner who did not need permission to occupy it on that date. *Id*. at 153-54. Implicit in the ruling is the Court's

15

conclusion that a non-owner, even in the context of a close family or social relations, cannot provide the actual owner with permission to use the owner's own vehicle.

Several Virginia Circuit Courts have considered the question. In *Selected Risk Insurance Co. v. Aetna Casualty & Surety Co.,* 6 Va. Cir. 500 (1974) the court held that the driver/owner was not using the vehicle with permission from her ex-husband, the named insured, because he could not grant permission over her vehicle any longer. And in *GuideOne Mutual Insurance Company v. Murray*, 81 Va. Cir. 157 (Virginia Beach Cir. 2010) the court held that "[i]n construing the language of the omnibus statute, the courts have generally held that a named insured cannot give permission to use a vehicle that he does not own. In this case, the named insured was not the owner of the vehicle that Mr. Murray was driving at the time of the accident; in fact, Mr. Murray owned the vehicle. Under Virginia law, then, the named insured could not have given its consent for Mr. Murray to operate the vehicle since it wasn't the owner of the vehicle." *See generally*, *Bartolomucci v. Fed. Ins. Co*., 770 S.E.2d 451 (2015), describing a nearly identical scenario as in this case yet never once raising an Omnibus issue; *House v. Kirby*, 233 Va. 197, 200 (1987), describing the refusal to grant a writ by the Virginia Supreme Court in a case where the Circuit Court found no insurable interest by the fiancée of the claimant driver whose vehicle was listed on his policy.

16

Finally, the Supreme Court of Wisconsin, in construing its own analogous Omnibus provisions announced what is the most basic, common-sense conclusion about the authority of an owner to operate her own vehicle. In *Loewenhagen v. Integrity Mut. Ins. Co.,* 164 Wis. 2d 82, 91, 473 N.W.2d 574, 577 (Ct. App. 1991) the Court held the purchaser who had not yet paid the purchase price, but to whom title had been endorsed and transferred was driving the car at the time of the accident as an owner not a permittee. Under such circumstances the Court stated "no reasonable person in [owner's] position would understand his use to be permissive rather than by virtue of his ownership." *Id*. at 89. It should be noted the entire Apple family agreed that Mrs. Apple needed no one permission to drive her own vehicle because they recognize the same basic, common sense principle that the Wisconsin Supreme Court did – owners do not drive their vehicles by permission, but by virtue of their inherent power as an owner.

In the pending case, the Policy in question is a business policy, even more removed from the personal affairs of family members than a personal automobile policy such as the one in *Allstate*, *supra*.  Also in the pending case, the named insured is not an individual or husband and wife, but a business.  The clear language of 38.2-2204 (A) excludes consent of a custodian in the context of a business policy such as in this case as source of permission. A ruling that consent of Building Industries, the nominal "custodian" as Appellees framed the matter as

17

the source for permission is incompatible with clear statutory law. As a matter of law Building Industries cannot be the source of permission to Mrs. Apple.

Finally, unlike *Allstate*, Mrs. Apple was not paying a premium for insurance coverage for her personal use of a covered auto and took no affirmative acts to obtain coverage. Despite his alleged personal desires, nor did her husband when he told his agent that the vehicle in question was owned by Building Industries and did not seek any endorsement to include his wife as an insured under that business policy. Regardless of the post-accident contention of Building Industries' owner that he wanted more coverage than provided by the clear terms of the Selective policy, *Allstate*, related cases and the clear language of §38.2-2204 mandate that this Court look to the decisive issue of title ownership when determining whether the Omnibus Clause extends coverage in this context, where the business is allegedly attempting to provide permissive use to the actual owner of the vehicle for her use at the time of the accident. Under *Allstate* and related cases including *Pham*, Virginia law does not permit this interpretation of the Omnibus Clause.

### III. The District Court erred in finding that an "insurable interest" entitles an entity to possession and control of a vehicle.

#### A. Standard of Review

The federal appellate courts exercise independent judgment on issues of law, being bound by the "clearly erroneous" standard of Rule 52(a) only in reviewing

questions of fact. *Glassman Constr. Co. v. United States*, 421 F.2d 212, 214 (4th Cir. 1970). *See also*, See, e.g., *United Artists Television, Inc. v. Fortnightly Corp.*, 377 F.2d 872 (2d Cir. 1967), reversed on other grounds, 392 U.S. 390, 88 S. Ct. 2084, 20 L. Ed. 2d 1176 (1968); *Nolan v. Sullivan*, 372 F.2d 776 (3rd Cir. 1967); M*amiye Bros. v. Barber S.S. Lines*, 360 F.2d 774 (2d Cir. 1966) cert. denied 385 U.S. 835, 87 S. Ct. 80, 17 L. Ed. 2d 70 (1966); *Spray-Bilt v. Ingersoll-Rand World Trade, Ltd*., 350 F.2d 99 (5th Cir. 1965); *Green v. Bluff Creek Oil Co*., 287 F.2d 66 (5th Cir. 1961); *Republic Pictures Corp. v. Rogers,* 213 F.2d 662 (9th Cir. 1954) cert. denied 348 U.S. 858, 75 S. Ct. 83, 99 L. Ed. 676 (1954) rehearing denied 348 U.S. 890, 75 S. Ct. 206, 99 L. Ed. 699 (1954); *Plomb Tool Co. v. Sanger*, 193 F.2d 260 (9th Cir. 1952) cert. denied 343 U.S. 919, 72 S. Ct. 677, 96 L. Ed. 1333 (1952).

## B. Virginia is a strict title state, the ability to possess and control a vehicle flows directly from the title.

As noted above, all of the witnesses who testified for Mrs. Apple at trial agreed that Mrs. Apple did not need anyone's permission to use her own vehicle. Sometimes using the vehicle in the business of Building Industries does not give the company "an interest" in the automobile such that it was "entitled to the possession and control of the vehicle." The District Court cited to one case

*Liverpool & London & Globe Ins. Co. v. Bolling*, 176 Va. 182, 188, 10 S.E.2d
518, 520 (1940) for the proposition that:

> Any title or interest in the property, legal or equitable, will support a
> contract of insurance on such property. The term 'interest' as used in
> the phrase 'insurable interest' is not limited to property or ownership in
> the subject matter of the insurance. Where the interest of insured in, or
> his relation to, the property is such that he will be benefited by its
> continued existence or suffer a direct pecuniary injury by its loss, his
> contract of insurance will be upheld, although he has no legal or
> equitable title.

The *Liverpool* case concerned the propriety of a fire insurance contract for
indemnification due to fire loss taken out by the nominal tenant of a building. The
Court found protection of the insured's livelihood a significant enough interest to
give her standing to contract for its protection. What the Court in *Liverpool* did
not decide is that nominal tenant then had the power to rent to others, sell the
property or otherwise exclude from entrance to the property the actual fee simple
owners. That is what the District Court in this case essentially decided: Because
Building Industries could properly contract to take out insurance on the vehicle
then it could then possess and control it, even adversely to the actual titled owner.
The Court cited no cases in support of this proposition. Clear Virginia law is that
"Virginia's Motor Vehicle Act uses the certificate of title as a substitute recording
system as well as the conclusive evidence of ownership." *Travelers Indem. Co. v.
Nationwide Mut. Ins. Co*., 227 F. Supp. 958, 963 (W.D. Va. 1964). No other

"interest" has been recognized in Virginia that would give a non-owner the ability to possess and control superior to the right of the actual owner. *See also, Va. Auto Mut. Ins. Co. v. Brillhart*, 187 Va. 336, 343, 46 S.E.2d 377, 380 (1948)(stating that "[a]fter the consummation of the sale, Owens' use of the car was by virtue of his ownership of it and his right to control it, and not by virtue of the grant of any permission to him by [the lienholder]."). There is no evidence that Building Industries had any right to possession and control of the vehicle superior to the right of the actual owner. Again, no reasonable person, including all of the Apples, could believe that Mrs. Apple was driving her own vehicle by virtue of permission from someone else, because she could not be, in Virginia no one has a superior right to possession and control of the vehicle than the titled owner.

## Conclusion

The District Court's decision is simply unprecedented in Virginia law. The clear language of the statute (Va. Code 38.2-2204 (A)) does not apply to the policy in this case which does not have as a named insured a husband and wife. Additionally, there are no cases that stand for or could possibly support the proposition that an owner drives her own vehicle by permission of a non-owner. The unanimous weight of authority is to the contrary. This Court has twice decided this issue in *Pham* and *Wicker*, both times the Court answered in the negative. That

21

the corporation is closely held is not a validly distinguishing factor. The District

Court should be reversed.

## ORAL ARGUMENT IS REQUESTED

Respectfully submitted,

/s/ Johneal M. White
Melissa W. Robinson
Johneal M. White
Glenn Robinson & Cathey
400 Salem Avenue, Suite 100
Roanoke, VA 24016
(540) 767-2200
*Counsel for Appellant*
*Selective Way Insurance Co.*

## Certification of Compliance with Rule 32(a)(7)

I hereby certify that:

1. This brief complies with the type-volume limitation of Fed. R. App. P.
   32(a)(7)(B) because:

   This brief contains 5,177 words, excluding the parts of the brief exempted
   by Fed. R. App. P. 32(a)(7)(B)(iii);

2. This brief complies with the typeface requirements of Fed. R. App. P.
   32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   This brief has been prepared in a proportionally spaced typeface using
   Microsoft Word in Times New Roman, 14 point font.

/s/ Johneal M. White
Johneal M. White

22

## Certificate of Filing and Service

      I hereby certify that on March 21, 2016, I filed the foregoing Opening Brief of Appellant with the Clerk of Court via hand delivery and electronically using the Court's CM/ECF filing system, which will automatically serve an electronic notice of the filing to the following registered users of ECF:

Jason W. Konvicka
Allen, Allen, Allen & Allen
1809 Staples Mill Road
P.O. Box 6855
Richmond, VA 23230
*Counsel for Appellee Earl Eugene Hoar*

John J. Rasmussen
Insurance Recovery Law
Group, PLC
P. O. Box 8049
Richmond, VA 23223
*Counsel for Appellee Earl Eugene Hoar*

Christopher L. Rathlev
Williams Negler Verser & Lane
Suite 310
200 Westgate Parkway
Richmond, VA 23233
*Counsel for Appellee Progressive Gulf Insurance Co.*

Marc A. Peritz
Morin & Barkley LLP
455 2nd Street, SE, Suite 200
Charlottesville, VA 22902
*Counsel for Appellees Roseanne Browning Apple
and Building Industries, Inc.*

                       /s/ Johneal M. White
                       Johneal M. White